JENNIFER MULLIN HIGGINS, ESQ.
Nevada Bar No. 007107
RAY LEGO & ASSOCIATES
7450 Arroyo Crossing Parkway, Suite 250
Las Vegas, NV  89113
Tel:    (702) 479-4350
Fax:    (702) 270-4602
jamullin@travelers.com

Attorney for Plaintiff **THE PHOENIX INSURANCE COMPANY**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona Insurance Company, DOES 1-100, individuals; and ROES 1-100 companies,<br><br>Defendants. | **CASE NO.:**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff THE PHOENIX INSURANCE COMPANY (hereinafter "PHOENIX"), alleges and avers as follows:

**THE PARTIES**

1.  Plaintiff PHOENIX is, and at all relevant times was, an insurance company organized under the laws of the State of Connecticut, having its principal place of business in the State of Connecticut, and is authorized to conduct business in the State of Nevada.

2.  Ironshore Specialty Insurance Company (hereinafter "IRONSHORE") is a specialty insurance company with its principal place of business in Scottsdale, Arizona. IRONSHORE conducts business in the State of Nevada, and the insurance policy at issue in this case insured activities taking place in Las Vegas, Clark County, Nevada.

/ / /

/ / /

1

**JURISDICTION AND VENUE**

3. Venue is proper in this Court because the incidents at issue in this case have and will take place in Las Vegas, Nevada.

4. The amounts at issue exceed $75,000.00. This case concerns IRONSHORE's defense and indemnity obligations related to a personal injury lawsuit in which the claimant is alleging medical expenses in the amount of approximately $46,000.00, and in which there is currently a worker's compensation lien in the amount of $72,221.00. In addition, the parties have incurred attorney's costs and fees.

5. This Court has subject matter jurisdiction over this action as there is complete diversity of citizenship between the parties pursuant to 28 U.S.C. §1332.

**THE UNDERLYING ACTION**

6. On or about October 16, 2018, Kenneth Luzak filed an action for premises liability entitled *Kenneth Luzak v Fong Construction, LLC, et al.*, in the 8th Judicial District Court of Clark County, Nevada, Case No. A-18-782873-C (hereinafter the "Claimant Action"), alleging, in part, claims for negligence against IRONSHORE'S insured Fong Construction, LLC (hereinafter "Fong"), as well as claims for negligence against PHOENIX'S insured HB 302 Carson Owner, LLC (hereinafter "HB 302").

7. Claimant seeks damages stemming from an incident on November 7, 2016, which he alleges occurred when he was an invitee at the property located at 302 East Carson. He claims to have been injured while he was walking toward the stairs on the fifth floor of the premises when he tripped and fell on a piece of tape across the floor in the front of the doorway to the stairs.

**GENERAL ALLEGATIONS**

8. On or about August 15, 2016, IRONSHORE issued an insurance policy to Fong. The policy was a commercial general liability policy with a $1,000,000.00 liability limit per occurrence, and a general aggregate limit in the amount of $2,000,000.00.

9. On or about August 10, 2016, HB 302 entered into a Construction Contract with Fong to perform capital improvements at two buildings owned by HB 302.

2

10. Pursuant to the contract between the parties, Fong specifically agreed to obtain insurance, and to provide Certificates of Insurance to HB 302 before commencing any work on the project.

> §16.1 The Contractor shall purchase from and maintain in a company or companies lawfully authorized to do business in the jurisdiction in which the Project is located insurance for protection from claims under workers' compensation acts and other employee benefit acts which are applicable, claims for damages because of bodily injury, including death, and claims for damages, other than to the Work itself, to property which may arise out of or result from the Contractor' operations under the Contract, whether such operations be by the Contractor or by a Subcontractor or anyone directly or indirectly employed by any of them.

> 16.l.1 The Contractor hereby agrees to deliver to the Owner, within ten (10) days of the date of the Owner Contractor Agreement and prior to bringing any equipment or staff onto the Project Site, certified copies of all Insurance policies procured by the Contractor under or pursuant to Paragraph 16.1 or, with the consent of the Owner, Certificates of Insurance in form and substance to the Owner's satisfaction evidencing the required coverages with limits not less than those specified in this Agreement. The coverage afforded under any insurance policy obtained or pursuant to Paragraph 16.1 shall be primary to any valid and collectible insurance carrier separately by any of the Indemnities. Furthermore, all policies and Certificates of Insurance shall expressly provide that no less than thirty (30) days prior written notice shall be given to Owner in the event of material alteration, default, cancellation, nonrenewal, or expiration of the coverage contained in such policy or evidenced by such certified copy or Certificates of Insurance.

Pursuant to the Certificate of Liability Insurance issued in connection with the IRONSHORE policy, HB 302 was specifically listed as an additional insured. The additional insured endorsement specifically provided coverage for HB 302 with respect to any bodily injury, property damage or personal and advertising injury caused, in whole or in part, by Fong's acts or omissions, or the acts or omissions of those acting on Fong's behalf.

11. On or around August or September of 2016, Fong began the construction work provided in the contract between Fong and HB 302. This included renovation work at a building at 302 East Carson.

/ / /

/ / /

12.	On or about November 7, 2016, claimant Kenneth Luzak alleges he was an invitee at the property located at 302 East Carson, when he was injured while walking toward stairs which were on the fifth floor of the building.

13.	On or about November 16, 2018, Luzak filed suit against Fong and HB 302. In his Complaint, Luzak claims he fell as a result of some tape which had been placed in the area by Fong Construction.

14.	In his Complaint, Luzak specifically claimed that Fong Construction was negligent, and that the negligence of Fong caused him to suffer personal injuries.

**TENDER AND REFUSAL OF DEFENSE AND INDEMNIFICATION OF LUZAK'S CLAIM ASSERTED AGAINST FONG CONSTRUCTION**

15.	On or about January 13, 2017 HB 302, through its insurer, PHOENIX, tendered the defense and indemnity of the Claimant Action to FONG CONSTRUCTION, LLC pursuant to its contract with HB 302.

16.	IRONSHORE confirmed that it had received the tender from its insured Fong on February 6, 2019.

17.	PHOENIX has requested that IRONSHORE agree to defend and indemnify its insured HB 302 in connection with the Claimant Action. PHOENIX claims that because HB 302 is an additional insured under the contract, and because Luzak alleges bodily injury arising out of Fong's work, HB 302 is owed a defense and indemnity from IRONSHORE pursuant to the contract between HB 302 and Fong.

18.	In response to the tender, IRONSHORE denied any responsibility to defend or indemnify HB 302.

19.	In asserting its position, IRONSHORE ignored Nevada Law as it relates to its duty to defend. In Nevada, a duty to defend is not dependent on whether liability is ultimately established against a defendant. Instead, the duty to defend exists if there is an allegation made in a complaint, which, if taken as true, implicates coverage.

/ / /

/ / /

4

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

20. PHOENIX realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 20, inclusive, as though fully set forth herein.

21. A justiciable controversy exists between PHOENIX and IRONSHORE as to whether or not IRONSHORE owes a duty to defend and indemnify HB 302 in the Claimant Action.

22. The interests of PHOENIX and IRONSHORE are adverse as to IRONSHORE's duty to defend and indemnify HB 302.

23. PHOENIX has a legally protectable interest in the present controversy, as it will suffer actual damages in the event IRONSHORE is allowed to refuse to accept its contractual coverage and defense obligation.

24. The controversy between PHOENIX and IRONSHORE is ripe for judicial determination as the Claimant Action is currently pending, and IRONSHORE has refused to defend HB 302 in that matter.

25. PHOENIX has incurred damages as a result of IRONSHORE's failure to defend HB 302 in the Claimant Action, including ongoing attorney fees and various costs and expenses of defense.

26. PHOENIX has been required to retain counsel to defend HB 302 to defend its interests in the Claimant Action, and to retain counsel to prosecute this declaratory relief action. PHOENIX is entitled to recover its attorney's fees, costs and expenses from IRONSHORE.

27. A judicial declaration is necessary and appropriate at this time to determine the respective rights and duties of the parties involved and to determine IRONSHORE's responsibility for defense fees and costs provided by PHOENIX to its insured HB 302, as well as for the amount of any settlement or judgment with respect to the Claimant Action.

**PRAYER**

WHEREFORE, THE PHOENIX INSURANCE COMPANY, prays for judgment against Defendant IRONSHORE named herein as follows:

/ / /

5

1. For a declaration that IRONSHORE is obligated to participate in HB 302's defense from the date of tender to IRONSHORE'S insured Fong, on or about January 13, 2017.

2. For a declaration that IRONSHORE has and/or will have a duty to indemnify PHOENIX'S insured HB 302, with respect to the Claimant Action.

3. For attorneys' fees and costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

DATED this 26th day of February, 2021.

Respectfully submitted,

RAY LEGO & ASSOCIATES

/s/ *Jennifer Mullin Higgins*
JENNIFER MULLIN HIGGINS, ESQ.
Nevada Bar No. 007107
7450 Arroyo Crossing Parkway, Suite 250
Las Vegas, NV  89113

Attorney for Plaintiff **THE PHOENIX INSURANCE COMPANY**