JEREMY R. KILBER, ESQ.
(Nevada Bar No. 10643)
WEIL & DRAGE, APC
861 Coronado Center Drive, Suite 231
Henderson, Nevada 89052
(702) 314-1905 • Fax (702) 314-1909
jkilber@weildrage.com
Attorney for Defendant,
IRONSHORE SPECIALTY INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE PHOENIX INSURANCE COMPANY, | CASE NO. 2:21-cv-00373-GMN-NJK |
| Plaintiff, | |
| v. | |
| IRONSHORE SPECIALTY INSURANCE COMPANY, an Arizona Insurance Company, DOES 1-100, individuals; and ROES 1-100 companies, | IRONSHORE SPECIALTY INSURANCE COMPANY'S ANSWER TO THE PHOENIX INSURANCE COMPANY'S COMPLAINT |
| Defendants. | |

**IRONSHORE SPECIALTY INSURANCE COMPANY'S ANSWER TO THE PHOENIX INSURANCE COMPANY'S COMPLAINT**

Defendant IRONSHORE SPECIALTY INSURANCE COMPANY ("Ironshore"), by and through its attorneys of record, the law firm of WEIL & DRAGE, APC, hereby answers Plaintiff THE PHOENIX INSURANCE COMPANY'S ("Phoenix" or "Plaintiff") Complaint on file herein, by admitting, denying, and alleging as follows:

**THE PARTIES**

1. Answering Paragraph 1 of the Complaint, Ironshore admits the allegations therein.

2. Answering Paragraph 2 of the Complaint, Ironshore admits the first sentence therein. Ironshore admits that it conducts business in the State of Nevada. Ironshore admits that coverage under the insurance policy at issue can extend to activities taking place in Las Vegas,

Nevada, when coverage applies.  The remaining allegations in Paragraph 2 of the Complaint state a legal conclusion to which no response is required.  If it is deemed that a response is required, Ironshore denies said allegations.

### JURISDICTION AND VENUE

3.  Answering Paragraph 3 of the Complaint, Ironshore admits the allegations therein.

4.  Answering Paragraph 4 of the Complaint, Ironshore is without sufficient knowledge or information to form a belief as to the truth of those allegations contained in said Paragraph and, therefore, denies each and every allegation therein.

5.  Answering Paragraph 5 of the Complaint, Ironshore admits the allegations therein.

### THE UNDERLYING ACTION

6.  Answering Paragraph 6 of the Complaint, Ironshore admits the allegations therein.

7.  Answering Paragraph 7 of the Complaint, Ironshore admits the allegations therein.

### GENERAL ALLEGATIONS

8.  Answering Paragraph 8 of the Complaint, Ironshore denies that the subject insurance policy issued on or about August 15, 2016.  Ironshore admits the balance of the allegations therein.

9.  Answering Paragraph 9 of the Complaint, Ironshore admits the allegations therein.

10.  Answering Paragraph 10 of the Complaint, the language of the subject contract speaks for itself.  To the extent the allegations in the first sentence of Paragraph 10 differ from the subject contract, Ironshore denies each and every such allegation.  Ironshore is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in the last two sentences of Paragraph 10 and, on that basis, denies each and every such allegation.

11.  Answering Paragraph 11 of the Complaint, Ironshore is without sufficient information to form a belief as to the truth of those allegations contained in said Paragraph and, on that basis, denies each and every allegation therein.

12.  Answering Paragraph 12 of the Complaint, Ironshore admits the allegations therein.

13.  Answering Paragraph 13 of the Complaint, Ironshore admits that "Luzak filed suit against Fong and HB 302." Ironshore denies each and every remaining allegation in Paragraph 13

of the Complaint.

14. Answering Paragraph 14 of the Complaint, Ironshore admits that the complaint filed by Luzak alleges that that he suffered personal injuries due to the negligence of Fong Construction and others; however, the complaint filed by Luzak more accurately reflects the claims therein and, to the extent the allegations in Paragraph 14 differ from the claims in the complaint filed by Luzak, Ironshore denies each and every such allegation.

15. Answering Paragraph 15 of the Complaint, Ironshore admits that Phoenix tendered the defense and indemnity of HB 302 to Fong Construction on or about January 13, 2017. Ironshore denies each and every remaining allegation in Paragraph 15.

16. Answering Paragraph 16 of the Complaint, Ironshore admits the allegations therein.

17. Answering Paragraph 17 of the Complaint, Ironshore admits the first sentence therein. With respect to the second sentence of Paragraph 17, Ironshore admits that Phoenix is claiming what it states to be claiming. The balance of said paragraph states a legal conclusion to which no response is required. If it is deemed that a response is required, Ironshore denies said allegations

18. Answering Paragraph 18 of the Complaint, Ironshore admits the allegations therein.

19. Answering Paragraph 19 of the Complaint, Ironshore denies the first sentence therein. The balance of said paragraph states a legal conclusion to which no response is required. If it is deemed that a response is required, Ironshore denies said allegations.

**FIRST CAUSE OF ACTION FOR DECLARATORY RELIEF**

20. Answering Paragraph 20 of the Complaint, Ironshore repeats and realleges its answers to Paragraphs 1 through 19 as though fully set forth herein.

21. Answering Paragraph 21 of the Complaint, said paragraph states a legal conclusion to which no response is required. If it is deemed that a response is required, Ironshore denies said allegations.

22. Answering Paragraph 22 of the Complaint, said paragraph states a legal conclusion to which no response is required. If it is deemed that a response is required, Ironshore denies said allegations.

23. Answering Paragraph 23 of the Complaint, said paragraph states a legal conclusion to which no response is required. If it is deemed that a response is required, Ironshore denies said allegations.

24. Answering Paragraph 24 of the Complaint, said paragraph states a legal conclusion to which no response is required. If it is deemed that a response is required, Ironshore denies said allegations.

25. Answering Paragraph 25 of the Complaint, said paragraph states a legal conclusion to which no response is required. If it is deemed that a response is required, Ironshore denies said allegations.

26. Answering Paragraph 26 of the Complaint, said paragraph states a legal conclusion to which no response is required. If it is deemed that a response is required, Ironshore denies said allegations.

27. Ironshore denies any allegation not already responded to above.

28. Ironshore denies the allegations set forth in Phoenix's prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Complaint is barred by the applicable statute of limitations and/or repose.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff unreasonably delayed the filing of its Complaint and the notification of this answering defendant of the alleged bases for the cause of action alleged, all of which has unduly and severely prejudiced this answering defendant in its defense of the action, thereby barring or diminishing Plaintiff's recovery herein under the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff has "unclean hands" with regard to the relief sought in the complaint and is therefore barred from obtaining such relief.

///

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff intentionally relinquished the right to maintain the claims in its Complaint, which is therefore barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff is estopped by its acts and conduct from asserting any and all claims as alleged in the Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Defendant was excused from performing under the alleged obligations and/or contracts because certain conditions that were required to first occur did not occur.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiff is not an additional insured under the subject policy of insurance.

**NINTH AFFIRMATIVE DEFENSE**

9. The subject insurance policy excludes coverage for medical expenses where benefits for bodily injury are payable under workers' compensation, disability benefits, or a similar law.

**TENTH AFFIRMATIVE DEFENSE**

10. Where a person constitutes an additional insured under the subject policy pursuant to a written agreement with the insured, the coverage provided to said person is no broader than the scope of coverage required by the written agreement.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The subject insurance policy excludes coverage for any portion of the insured's work that a project principal has put to its intended use.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Plaintiff has failed to take reasonable steps to mitigate its alleged damages, if any, thus barring or diminishing its recovery herein.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. All possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of this Answer to Plaintiff's Complaint and, therefore, Ironshore reserve the right to amend its Answer to allege additional affirmative defenses

if subsequent investigation so warrants.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. Any allegation not otherwise responded to is generally and specifically denied.

## PRAYER FOR RELIEF

WHEREFORE, Ironshore prays for judgment against Plaintiff as follows:

1. That the declaratory relief request by Plaintiff be denied:
2. That Plaintiff take nothing by virtue of its Complaint;
3. For the costs of suit incurred herein;
4. For attorneys' fees and costs; and
5. For such other and further relief as the Court deems just and proper.

DATED this 8th day of April, 2021.

                WEIL & DRAGE, APC

                /s/ *Jeremy R. Kilber*
By: _____
     Jeremy R. Kilber, Esq.
     (Nevada Bar No. 10643)
     861 Coronado Center Drive, Suite 231
     Henderson, NV  89052
     Attorney for Defendant,
     IRONSHORE SPECIALTY INSURANCE COMPANY

# **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 8th day of April, 2021, service of the foregoing **IRONSHORE SPECIALTY INSURANCE COMPANY'S ANSWER TO THE PHOENIX INSURANCE COMPANY'S COMPLAINT** was made this date by electronically serving a true and correct copy of the same, through the CM/ECF Filing System, to the following:

Jennifer Mullin Higgins, Esq.
RAY LEGO & ASSOCIATES
7450 Arroyo Crossing Parkway, Suite 250
Las Vegas, NV  89113
702-479-4350
702-270-4602 – FAX
jamullin@travelers.com
**Attorney for Plaintiff,
THE PHOENIX INSURANCE COMPANY**

/s/ *Joanna Medina*
_____
Joanna Medina, an Employee of
WEIL & DRAGE, APC